CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 2 2020

JULIA C. DUDLEY, CLERK
BY: /s/ [illegible signature]
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 7:08CR00023 |
| | ) | (CASE NO. 7:12CV80518) |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| COREY MCKINZIE HOWARD, | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Corey McKinzie Howard, a federal inmate proceeding pro se, has filed a "Motion for Relief Under Federal Rules of Civil Procedure Rule 60(b)," arguing that the dismissal of his initial motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 should be revisited on the ground of equitable tolling. After review of the lengthy motion, the accompanying exhibits, and the record, the court concludes that the motion must be denied.

I.

Howard pleaded guilty in March of 2009 to possessing more than 50 grams of cocaine base with the intent to distribute (Count Two) and possessing a firearm in furtherance of a drug trafficking crime and using and carrying a firearm during and in relation to a drug trafficking crime (Count Five). The properly executed plea agreement stated, "I am pleading guilty as described above because I am in fact guilty." Plea Agr. 2, ECF No. 65. In exchange for Howard's guilty plea under this agreement, the government moved for dismissal of the five other counts in the superseding indictment, agreed that a base offense level of 32 under § 2D1.1 of the United States Sentencing Guidelines was appropriate for Howard, and agreed not to argue for enhancements of that level. In executing the plea agreement, Howard also accepted its provision whereby he waived "all rights, whether asserted directly or by a representative, to request or

receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act" ("FOIA waiver"). Id. at 8. At sentencing, the court granted a two-point reduction for acceptance of responsibility, giving Howard a sentencing range of 121 to 151 months on Count Two.

In July 2009, the court sentenced Howard to 136 months on Count Two, to be followed by the statutory, mandatory consecutive 60-month sentence on Count Five, for a total sentence of 196 months in prison. He did not appeal.

Howard filed his first § 2255 motion in September 2012. The court notified him that the § 2255 motion appeared to be untimely filed and gave him an opportunity to file any additional information on the issue of timeliness, which he did. Ultimately, however, the court dismissed the § 2255 motion under § 2255(f) as untimely filed. United States v. Howard, No. 7:08CR00023, 2012 WL 5986963 (W.D. Va. Nov. 29, 2012). Howard did not appeal this judgment.

In the instant motion, Howard contends that the court should reopen his initial § 2255 motion, based on evidence he allegedly could only recently discover because prosecutors had fraudulently concealed it. His fraudulent concealment theory is: at arraignment and detention hearings in March 2008, two different prosecutors and a government witness allegedly misstated the amount of crack cocaine seized during the investigation of Howard's offenses; the prosecutors included the FOIA waiver in the plea agreement; and that provision "prevented" Howard from obtaining discovery of the fraud that allegedly occurred during the hearings in March 2008. Based on this alleged intentional concealment of information, Howard contends

that he is entitled to equitable tolling of the limitations period in § 2255(f) and to full consideration of his § 2255 claims on their merits.

Howard contends that his exhibits demonstrate his due diligence in attempting to obtain documentation in support of his equitable tolling argument. The exhibits and the record indicate that in 2014, Howard wrote to the district court, asking to obtain documentation related to his case. The clerk responded by sending him some court documents he had requested, but notified him that other requested information, related to the government's investigation, was not available from the court's record. In 2015, Howard asked a prior attorney for documentation, but the attorney did not have a copy of the requested document—a lab analysis. In 2016, Howard made a FOIA request for documents from the Department of Justice ("DOJ"). That request was denied, based on Howard's plea agreement waiver of FOIA rights. In response to a subsequent FOIA request Howard made in March 2018, a DOJ official responded that some requested documents were exempt from FOIA disclosure for privacy reasons. Howard signed and dated his Rule 60(b) motion on August 12, 2019.

## II.

Under Rule 60(b), a party may move to be relieved of a final judgment under appropriate circumstances. Howard's claim of fraudulent concealment falls under Rule 60(b)(3), which authorizes relief from a final judgment where the court finds "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). A motion under subsection (3) must be brought "no more than a year after the entry of the judgment" being challenged. Fed. R. Civ. P. 60(c)(1). As stated, the court entered final judgment on Howard's § 2255 motion in November 2012, but he did not file his current motion

under Rule 60(b)(3) until August 2019, nearly seven years later. Therefore, the court finds that his motion must be denied as untimely filed under Rule 60(c)(1).[1]

Howard contends that, in the alternative, his motion arises under Rule 60(b)(6). Subsection (b)(6) authorizes a court to grant relief from final judgment on a motion that (i) states a "reason that justifies relief," (ii) is not premised on one of the grounds for relief enumerated in subsection (b)(1) through (b)(5,) and (iii) is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6), (c)(1). Howard's motion fails under (ii) and (iii), because it is premised on fraud, the ground for relief named in subsection (b)(3), and it was not filed within a reasonable time for purposes of subsection (b)(3).

Moreover, Howard simply has not stated any reason for relief from the 2012 dismissal of his § 2255 claims as untimely filed. Specifically, he does not show any basis for applying equitable tolling so that the court could address the merits of his 2012 claims under § 2255.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] In November 2018, Howard filed a motion seeking to compel the government to produce discovery and other documents, ECF No. 113. The court construed and docketed his motion as a second § 2255 motion, which was summarily dismissed as successive under § 2255(h). The court also denied Howard's subsequent motion for reconsideration of that judgment, and the court of appeals dismissed his appeal in January 2019. Howard asserts that the pendency of the 2018-2019 motion under § 2255 and his appeal should somehow render his current Rule 60(b) motion timely filed, but the court finds no merit to that argument. The 2018 motion was not filed within three years after the dismissal of the 2012 judgment that Howard challenges here and, thus, had no effect on the untimeliness of his Rule 60(b) motion under Rule 60(c)(1).

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, judgment was entered against Howard on July 7, 2009. Because he did not appeal the judgment, his conviction became final on July 21, 2009, when his opportunity to appeal expired.[2] Howard then had until July 21, 2010, to file a timely § 2255 motion. Because Howard filed his initial § 2255 motion, at the earliest, on September 13, 2012,[3] his motion is untimely under § 2255(f)(1). He also does not allege in the current motion any ground on which his filing period under § 2255(f) should be calculated under its other subsections.

To warrant equitable tolling of the filing period, the defendant must "establish[ ] two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). To satisfy the second prong of this analysis, the defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246

---

[2] See Fed. R. App. P. 4(b)(1)(A) (former version); Fed. R. App. P. 26(a) (former version) (excluding weekend days and holidays from computation of time periods of 11 days or less).

[3] Generally, a prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2255 Proceedings; Houston v. Lack, 487 U.S. 266 (1988). Howard signed and dated his § 2255 motion on September 13, 2012, and the court received and docketed it on September 18, 2012.

(4th Cir. 2003) (en banc). Howard's equitable tolling arguments fail under both facets of this standard.

First, Howard does not allege, nor do his exhibits show, that he took any action to obtain records about the criminal investigation in his case before his 2014 letter to the clerk, whereby he obtained court records. Waiting more than four years after the entry of the criminal judgment to take action toward obtaining records to challenge that judgment under § 2255 does not demonstrate due diligence.

Second, no action by the prosecution prevented Howard from obtaining the records necessary to file his current claim of fraud during the arraignment and detention hearings in March 2009. While the prosecution included the FOIA waiver in the plea agreement, Howard voluntarily accepted that agreement, thus subjecting himself to the FOIA waiver in exchange for the benefits he received under the agreement. Moreover, the affidavit in support of the criminal complaint is available on the court's public record, ECF No. 1. Howard could also have purchased transcripts of the March 2009 hearings within a year after the judgment, but he failed to do so.[4] Howard fails to show that anyone concealed these court records from him. Thus, the court cannot find that he has demonstrated any extraordinary circumstance beyond his control that prevented him from filing a timely § 2255 motion and must deny his motion.

An appropriate order will enter herewith, and the clerk will mail a copy of this memorandum opinion and order to the pro se defendant.

**ENTER:** This 1ᵈ day of January, 2020.

_____

Senior United States District Judge

---

[4] Howard first requested transcription of the March 2009 hearings in October 2014, and they were docketed on March 31, 2015.